**FILED**

**NOV - 5 2020**

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN BRADIN *et al.*, ) | |
|  ) | |
| Petitioner, ) | |
|  ) | |
| v. ) | Civil Action No. 20-3104 (UNA) |
|  ) | |
| MICHAEL CARVAJAL *et al.*, ) | |
|  ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Petitioners, appearing *pro se*, are federal prisoners who are housed in at least two separate Bureau of Prison facilities, including Forrest City Federal Correctional Institution in Arkansas and Hazelton United States Penitentiary in Bruceton Mills, West Virginia. *See* Case Caption. They have filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, styled as an "emergency class action petition due to life threatening conditions." Pet. at 1, ECF No. 1. Lead Petitioner John Bradin seeks to proceed *in forma pauperis* "on behalf of class." IFP Mot., ECF No. 2. For the following reasons, the Court will deny Bradin's motion and dismiss this case for want of jurisdiction.

"Subject to subsection (b) [governing prisoner civil actions], any court of the United States may authorize the commencement [or] prosecution" of a civil action "without prepayment of fees" based on information set forth in an IFP motion. 28 U.S.C. § 1915(a). In a *pro se* action such as this, however, each petitioner may "bring" his own case, *id.* § 1915(a)(2), but he can neither prosecute the claims of other individuals nor act as a class representative. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*,

1

No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class.") (citation omitted)).

Even if Bradin were proceeding solely for himself, the instant petition is filed in the wrong court. A petitioner's immediate custodian is the proper respondent to a habeas petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998). And this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Consequently, this case will be dismissed. *See Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief"). A separate order accompanies this Memorandum Opinion.

Date: November 5, 2020

/s/
KETANJI BROWN JACKSON
United States District Judge